**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| **ISIDRO CALONIA, JR.,** individually and behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>**TRINITY PROPERTY CONSULTANTS, LLC,**<br><br>        Defendant. | Case No: 20-cv-6130<br><br>Removed from the Circuit Court of DuPage County, Illinois, Law Division, Case No. 2020 L 000609 |

## NOTICE OF REMOVAL

Defendant Trinity Property Consultants, LLC ("Defendant") hereby removes the above-captioned action, which is currently pending in the Circuit Court of DuPage County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division. This removal is based upon both diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of its Notice of Removal, Defendant states the following:

### *The State Court Action*

1. On June 12, 2020, Plaintiff Isidro Calonia, Jr. ("Plaintiff") filed a putative class action complaint in the Circuit Court of DuPage County, Illinois, Law Division, captioned *Isidro Calonia Jr., individually and on behalf of all others similarly situated, v. Trinity Property Consultants, LLC*, Case No. (2020 L 000609) (the "Action"). The complaint alleges violations of the Illinois Biometric Information Privacy Act (740 ILCS 14/1 *et seq.*) ("BIPA").

2. Defendant was served with a copy of the summons and complaint on September 18. 2020. Thus, this Notice of Removal is timely filed within the 30 days permitted by 28 U.S.C. § 1446(b).

3.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of copy of all process, pleadings, and orders served upon Defendant, including a copy of the Summons, Complaint, and a Motion for Class Certification and Request for Discovery on Certification Issues, are attached as **Exhibit 1**.

4.    Plaintiff alleges that he brings this Complaint on behalf of a proposed class of "[a]ll residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Defendant while residing in Illinois" (the "Class"). (Ex. 1, Compl. ¶ 35.) Plaintiff asserts that the Class consists of "at least hundreds" of workers. (*Id.* ¶ 36.)

5.    Plaintiff alleges that Defendant violated his rights and the rights of the Class under BIPA by:

- Failing to obtain written releases from Plaintiff and the Class before it collected, used and stored their biometric identifiers and information, in violation of 740 ILCS 14/15(b)(3);

- Failing to inform Plaintiff and the Class in writing that their biometric identifiers and information were being collected and stored, in violation of 740 ILCS 14/15(b)(1);

- Failing to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or information were being collected, stored, and used, in violation of 740 ILCS 14/15(b)(2); and

- Failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and information, in violation of 740 ILCS 14/15(a).

(*See id.*, ¶¶ 47-50.)

6.    Plaintiff seeks monetary damages on behalf of himself and the Class for each violation of BIPA, injunctive and other equitable relief, reasonable litigation expenses and attorneys' fees, pre- and post-judgment interest, and any other relief as justice requires. (*Id.*, Prayer for Relief.)

### *Jurisdiction and Venue*

7.      Because the Circuit Court of DuPage County, Illinois lies in the Northern District of Illinois, Eastern Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 93(a)(1), 1441(a), and 1446(a).

8.      As explained further below, this Court has original jurisdiction over this Action pursuant to 28 U.S.C. §§ 1332(a)(1), because it is a civil action between citizens of different states and the amount in controversy with regard to Plaintiff exceeds $75,000.[1]

### *Diversity Jurisdiction*

9.      The federal courts have original jurisdiction over actions such as this one by virtue of the diversity jurisdiction granted by 28 U.S.C. § 1332(a)(1).

### *Diversity of Citizenship*

10.     The parties are citizens of different states.

11.     Plaintiff is a citizen of Illinois. (Compl. ¶ 7.)

12.     Defendant is a California limited liability company with its principal place of business in California (**Exhibit 2**, Declaration of Jessica Beck ("Beck Decl."), ¶ 4).

13.     For purposes of diversity, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 80-1 (2010) (a corporation's principal place of business is its "nerve center," typically found at a corporation's headquarters, or the place where its officers direct, control, and coordinate the corporation's activities).

---

[1] Defendant does not concede, and specifically reserves the right to contest, all of Plaintiff's alleged factual assertions, legal contentions, and alleged damages.

14. Therefore, for the purposes of determining diversity jurisdiction, Defendant is a citizen of California. Defendant is not a citizen of Illinois.[2]

15. The parties are of diverse citizenship, as Plaintiff is a citizen of Illinois and Defendant is a citizen of California.

### Amount in Controversy

16. To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). A removing defendant can establish the amount in controversy "by calculation from the complaint's allegations." *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006). The defendant need only establish by a preponderance of the evidence that the plaintiff could stand to recover over $75,000 if he were to prevail, not that the plaintiff would in fact be awarded more than that amount. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

17. Where a plaintiff provides little information regarding the value of his claims, "a good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* at 511; *see also Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once the defendant has satisfied this burden, the plaintiff may defeat federal jurisdiction "only if it appears to a legal *certainty* that the claim is really for less than the jurisdictional amount." *Id.* (emphasis added); *see also Spivey v. Vertrue, Inc.*, 528 F. 3d 982, 986 (7th Cir. 2008). While Defendant denies the validity and merit of all Plaintiff's claims and denies his requests for relief thereon, the factual allegations in Plaintiff's Complaint, supplemented by his dates of

---

[2] Plaintiff's actual employer during the period of alleged violations was Pacific Personnel Services, Inc., a California corporation with its principal place of business in California. (**Beck Decl.,** ¶ 7). Even if Pacific Personnel Services, Inc. were a named defendant, diversity jurisdiction would exist.

employment (omitted from his pleadings), establish that more than $75,000 is at controversy in this action.

18.     Plaintiff appears to allege that Defendant violated BIPA when it required him to clock in and out using his fingerprint and did so two times per day—when he started and finished work for the day.  (*See* Compl. ¶ 29.)

19.     Plaintiff worked on the premises of residential housing complexes managed by Defendant from January 2019 to April 14, 2020 at two of Defendant's Illinois locations.  (**Beck Decl.,** ¶ 9).  During his employment at those two Illinois locations, Plaintiff worked at least 250 shifts.  (*Id.*)

20.     During his employment, Defendant received his wages from an entity affiliated with Defendant, Pacific Personnel Services, Inc. ("Pacific Personnel").  (*Id.*).  Like Defendant, Pacific Personnel is a California entity with its principal place of business in California.  (*Id.* at ¶ 7).

21.     Plaintiff alleges that Defendant's actions were willful and/or reckless and seeks statutory liquidated damages of $5,000 for each intentional or reckless violation of BIPA. (*See* Compl. ¶¶ 6, 34, 52).  If, as Plaintiff appears to allege, each such incident were deemed to be a violation (a claim that Defendant would strenuously oppose), then the amount in controversy would exceed $75,000.  Defendant could owe $5,000 in statutory damages for "each violation" of the BIPA.  *See* 740 ILCS 14/20.  Thus, an allegation of only sixteen violations (eight days) would place $80,000 at issue.  Plaintiff alleges he was required to scan his fingerprint at the beginning and end of each workday (Compl. ¶ 29), which is well over eight days of employment, thus exceeding the minimum amount in controversy.  Even if each violation was limited to $1,000 of

damages per violation, Plaintiff's over 250 shifts worked at Defendant's locations still places the amount in controversy well above $75,000.

22.    The putative class consists of approximately 230 individuals as approximately 230 workers at Defendant's Illinois locations have used a timekeeping system that scanned a portion of their finger since 2019.  (**Beck Decl., ¶ 11**).  Plaintiff alleges Defendant could owe $5,000 in statutory damages for each violation of BIPA.  *See* Complaint ¶ 52; 740 ILCS 14/20.  Accordingly, if Defendant is found to have willfully violated a single provision of BIPA with respect to each of the 230 putative class members, the amount in controversy is $1,150,000.   In the Complaint, Plaintiff alleges Defendant violated four separate provisions of BIPA.  *See* Complaint ¶¶ 47-50.

23.    As a result of the diversity of citizenship and amount in controversy, diversity jurisdiction is satisfied and removal is proper.

### *Compliance With Procedural Requirements*

24.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), as Defendant has not yet been served with the complaint.

25.    Attached as **Exhibit 3** is a true and correct copy of the Notice to Adverse Party of Filing of Notice of Removal, the original of which is being served upon Plaintiff Isidro Calonia, Jr., as required by 28 U.S.C. § 1446(d), through her attorneys, David Fish and Mara Baltabols, The Fish Law Firm, P.C, 200 East Fifth Avenue, Suite 123, Naperville, Illinois 60563.

26.    A true and correct copy of this Notice of Removal has been forwarded for filing in the Circuit Court of DuPage County. Attached as **Exhibit 4** is a copy of the Notice to State Court of Filing Notice of Removal, the original of which is being filed with the Clerk of the Circuit Court of DuPage County as required by 28 U.S.C. § 1446(d).

27.     Defendant files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves, any and all defenses.

**WHEREFORE,** having fulfilled all statutory requirements, Defendant hereby removes this Action from the Circuit Court of DuPage County, Illinois, Law Division, to this Court, and requests this Court assume full jurisdiction over the matter as provided by law and permit this Action to proceed before it as a matter properly removed thereto.

Dated:  October 15, 2020                                     Respectfully submitted,


                                                             */s/Michael Gotzler*
                                                             _____

Michael R. Gotzler
*mgotzler@littler.com*
LITTLER MENDELSON, P.C
10 East Doty Street, Suite 800
Madison, Wisconsin 53703
608.287.3701

Jennifer L. Ciralsky
*jciralsky@littler.com*
LITTLER MENDELSON, P.C.
111 East Kilbourn Avenue, Suite 1000
Milwaukee, Wisconsin 53202
414.291.5536

*Attorneys for Defendant Trinity Property Consultants, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2020, I caused the foregoing document to be filed with the Clerk of the Court using the CM/ECF system and served upon the following via U.S. Mail and email:

David Fish
Mara Baltabols
*docketing@fishlawfirm.com*
The Fish Law Firm, P.C.
200 East Fifth Avenue, Suite 123
Naperville, Illinois 60563
Tel: 630.355.7590
Fax: 630.778.0400

*/s/Michael Gotzler*

4837-5125-8312.1 073447.1054