UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ISIDRO CALONIA, JR., on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY PROPERTY CONSULTANTS, LLC and PACIFIC PERSONNEL SERVICES, INC.,<br><br>Defendants. | No. 20 C 6130<br><br>Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Isidro Calonia brought this putative class action against Trinity Property Consultants and Pacific Personnel Services, alleging violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/a, *et seq*. The defendants filed a motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). R. 20. That motion is denied.

**Background**

Trinity manages residential housing complexes in Illinois. Pacific provides employee management, benefit, and payroll services for workers at Trinity's housing complexes. Calonia alleges he worked for Pacific and Trinity in Illinois until sometime in April 2020.[1] As part of his employment, Calonia was required to scan his

---

[1] The parties dispute whether Calonia worked for Pacific, Trinity, or both. Calonia contends he worked for "the defendants." The defendants contend he worked only for Pacific. For reasons explained below, even if Calonia only was employed by Pacific (which the Court is not making a ruling on at this time), the decisions in this order remain the same.

fingerprint in a biometric timekeeping system. Based on this timekeeping system, Calonia sued Trinity and Pacific for violations of BIPA.

Relevant to this case, BIPA requires that a private entity that possesses biometric identifiers or information must develop and make available to the public a written policy establishing a retention schedule and guidelines for permanently destroying the information when the initial purpose for collecting it has been satisfied, or within three years of an employee's last interaction with the entity, whichever is sooner. 740 ILCS 14/15(a). In addition, BIPA prohibits a private entity from collecting or obtaining a person's biometric identifier or information unless it first informs the person in writing that the information is being collected or stored, as well as the purpose and length of term of the collection, storage, and use, and receives a written release executed by the person or his legally authorized representative. 740 ILCS 14/15(b)(1)-(3).

Calonia's amended complaint alleges the defendants did not: (1) properly inform him in writing of the purpose and length of time for which his fingerprints were being collected, stored, and used; (2) provide and comply with a publicly available retention schedule and guidelines for permanently destroying his fingerprints; or (3) obtain a written release from him to collect his fingerprints. R. 19 at 2. The defendants moved to dismiss, arguing Calonia lacks standing to bring a suit against Trinity, and that he otherwise fails to state a claim.

## Legal Standard

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject matter jurisdiction. "In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "A factual challenge contends there is in fact no subject matter jurisdiction, even if the pleadings are formally sufficient." *Id.* (internal citations omitted). In considering that challenge, the court "may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

A Rule 12(b)(6) motion challenges "the sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

3

550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

### I. Standing

The defendants argue Calonia lacks standing to bring his claim against Trinity because he was not employed by Trinity, depriving the Court of subject matter jurisdiction. *See Perry v. Vill. of Arlington Heights*, 185 F.3d 826, 829 (7th Cir. 1999).

The defendants contend Calonia was employed by Pacific Personnel, not Trinity, and that the two entities are separate. Calonia's complaint alleges he was jointly employed by both defendants through April 2020 (and his position was listed as working for Trinity), and that they both required him to scan his fingerprint. He also alleges Trinity oversees Pacific's collection of biometric data. R. 19 ¶¶ 12; 27-28.

Courts have allowed plaintiffs to name multiple defendants in BIPA cases where there is a question as to whether one of the defendants was actually involved in the biometric system at issue. In *Rogers v. BNSF Railway Company*, the plaintiff argued the non-employer defendant installed and managed the system that utilized a finger scan. 2022 WL 787955, at *6-7 (N.D. Ill. Mar. 15, 2022). The court denied summary judgment because factual disputes existed as to whether that defendant

had possession or control over the biometric information. *Id*. Here, Calonia alleges that Pacific takes direction from Trinity regarding the management and use of the biometric system, and thus Trinity maintains some control in the process of collecting, possessing, and storing the data.

Trinity argues there is no evidence that Trinity ever actually possessed, retained, stored, or collected Calonia's biometric information, as there was in *BNSF*. But Calonia need not present such evidence at the pleadings stage, and it is sufficient that he has alleged as much. *See Smith v. Signature Sys., Inc.*, 2022 WL 595707, at *4 (N.D. Ill. Feb. 28, 2022) (plaintiffs sufficiently pled possession for BIPA purposes where the allegations as a whole stated the defendant "exercise[d] some form of control" over the data). The extent of Trinity's possession and control over Calonia's biometric information, if any, is a factual issue to be determined at the summary judgment stage. Calonia has standing to bring his suit as he alleged he was jointly employed by both defendants and that both defendants violated BIPA.

## II. Sufficiency of the Pleadings

The defendants argue they provided Calonia with the company's BIPA Policy, which: (1) informed Calonia that biometric information would be collected or stored via Pacific's timekeeping system (the fingerprint scanning technology); (2) informed Calonia of the specific purpose and length of time for which the biometric information was being collected, stored, and used; and (3) provided a publicly available retention schedule and guidelines for destroying the biometric information. R. 21 at 6-7.

5

Defendants contend Calonia was required to acknowledge receipt of and consent to the Policy during his training.

### A. 740 ILCS 14/15(a): Compliance with a Publicly Available Retention Schedule

Calonia alleges that the defendants failed to make their written policy establishing a retention schedule and guidelines for deletion of biometric information publicly available, and that they failed to actually adhere to it and delete his biometric information, as required by Section 15(a). R. 19 ¶ 58. The Seventh Circuit has held that a plaintiff's allegations that an employer violated its duty to publicly disclose *and comply with* data retention and destruction policies suffice to plead an injury under BIPA. *Fox v. Dakkota Integrated Sys.*, LLC, 980 F.3d 1146, 1149 (7th Cir. 2020).[2] Whether the defendants have complied with the BIPA requirement to publicly disclose and comply with their retention policies is a factual question that is better suited for summary judgment. At this stage, Calonia has alleged such information was not publicly available and that the defendants failed to delete his information. The motion to dismiss his claim under Section 15(a) is denied.

---

[2] The Seventh Circuit has made a distinction between a failure to publicly disclose its retention schedule and its failure to comply with its publicly disclosed retention schedule. The allegation that an employer failed to publicly disclose its retention schedule and destruction policy, on its own, is not sufficient to state a claim. *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020). *Fox* noted that a different situation arises where a plaintiff alleges not only that the defendant failed to publicly disclose a retention policy, but also that it failed to comply with that policy. 980 F.3d at 1149. In the latter scenario, a plaintiff has sufficiently pled a violation of Section 15(a).

B. 740 ILCS 14/15(b): Notice and Consent

Calonia alleges he was not provided with notice that his biometric information was being collected and stored, nor did he provide written consent for such collection. In support of its position that Calonia was provided with notice, the defendants provided the Court with their BIPA policy as it purportedly appears in the online training course that Calonia was required to participate in before starting his position, as well as a declaration from Jessica Beck, Director of Human Resources at Trinity and President of Pacific. R. 11-1.[3] In arguing Calonia provided a written release to collect his biometric data, defendants refer to Calonia's computer-generated course completion report. R. 26-11.

But Calonia argues he was never shown the Policy, nor did he ever sign the release form. He continues on to allege he never completed an online course that provided information regarding the biometric timekeeping system. R. 24 at 6. He disputes the authenticity of the screenshots provided in the Beck Declaration, asserting he has never seen them before. Because of these allegations, the Court is unable to determine whether or not Calonia actually reviewed and filled out the biometric release forms. *See Hulwick v. CBOCS East, Inc.*, 2018 WL 2933684, at *4 (N.D. Ind. June 11, 2018) (noting the difference between a plaintiff's argument that he did not "recall" signing a document, as opposed to an affirmative position that he

---

[3] The Court may consider the Beck Declaration and other attached documents without converting the motion to dismiss into a motion for summary judgment, because the documents are central to Calonia's claims and referred to in his complaint. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009).

7

did not sign it). While the Court does not have reason to doubt Beck's knowledge of the training procedures and online course, Calonia's contention that he never saw the forms or completed that portion of the course is an issue that warrants discovery and prevents the Court from dismissing at this time.

### III. BIPA as Unconstitutional Special Legislation

The defendants then argue BIPA is unconstitutional "special legislation" that discriminates in favor of certain classes of persons or entities, which is prohibited by Article IV, Section 13 of the Illinois Constitution. That section provides that "[t]he General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination." Section 13 "prohibits the General Assembly from conferring a special benefit or exclusive privilege on a person or group of persons to the exclusion of others similarly situated." *Best v. Taylor Machine Works*, 179 Ill.2d 367, 391 (1997). BIPA, defendants argue, contains "several provisions that remove specific organizations, entities and employers from its coverage," such as financial institutions and government contractors, rendering it arbitrary in its application. R. 21 at 9.

Statutes carry a strong presumption of constitutionality. *Piccoli v. Bd. of Trs. of Teachers' Ret. Sys.*, 137 N.E.3d 745 (Ill. 2019). The defendants have the burden of clearly establishing that the classifications are not rationally related to a legitimate state interest. *Allen v. Woodfield Chevrolet, Inc.*, 802 N.E.2d 752, 758-59 (Ill. 2003).

The defendants' argument has been rejected by numerous courts upon finding that the BIPA exemptions are rationally related to the state's legitimate interest and subject to privacy requirements by statutes other than BIPA. *See, e.g.*, *Doe v. Northwestern University*, 2022 WL 1485905, at *3 (N.D. Ill. Feb. 22, 2022) (dismissing complaint on other grounds, but finding the special legislation argument "unavailing," noting it has been rejected before); *Bryant v. Compass Grp. USA, Inc.*, 503 F. Supp. 3d 597, 601 (N.D. Ill. 2020) (noting financial institutions are likely excluded from BIPA because they are already subject to an extensive privacy protection regime under the Gramm-Leach-Bliley Act); *Stauffer v. Innovative Heights, LLC*, 480 F. Supp. 3d 888, 902 (S.D. Ill. 2020) (rejecting a special legislation challenge).

The defendants offer no rationale warranting a contrary result here, and simply ask the Court to ignore the decisions finding BIPA constitutional. But there are rational reasons for the exemption of government agencies and contractors. For example, the court in *Bryant* noted that government agencies lack any profit-driven motive to exploit individuals' biometric information. *Bryant*, 503 F. Supp. 3d at 601. Thus, the perceived dangers associated with possession of biometric information that BIPA attempts to mitigate are less severe when a government agency or contractor is involved. *Id.* Given that there are "conceivable bas[es] for finding a rational

relationship," the Court declines to find BIPA constitutes unconstitutional special legislation. *Piccoli*, 137 N.E.3d at 751.[4]

## IV. Preemption by the Illinois Workers' Compensation Act

Finally, the defendants argue Calonia's claim is preempted by the Illinois Workers' Compensation Act exclusive remedy provisions. The Court stayed proceedings in this case pending the outcome of *McDonald v. Symphony Bronzeville Park, LLC*, 2022 WL 318649. R. 30. The Illinois Supreme Court ruled in *McDonald* on February 3, 2022, finding that the Illinois Workers' Compensation Act does not preempt claims under BIPA. This ruling resolves the parties' dispute on this issue, and the defendants make no attempt to distinguish the case from *McDonald*. The motion to dismiss based on preemption is denied.

## Conclusion

For the foregoing reasons, the defendants' motion to dismiss, R. 20, is denied.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: June 14, 2022

---

[4] Significantly, BIPA was enacted in 2008, and there have been a number of BIPA cases filed in both federal and state court. The defendants do not cite to a single BIPA case to support their argument, and while that alone is not dispositive of the argument, it is noteworthy that not a single other case has found BIPA unconstitutional, despite the argument being raised with some regularity.