**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ISIDRO CALONIA, JR., individually and on behalf of all others similarly situated, | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-06130 |
| TRINITY PROPERTY CONSULTANTS, LLC and PACIFIC PERSONNEL SERVICES, INC., | Judge Thomas M. Durkin |
| Defendants. | |

**PRELIMINARY APPROVAL ORDER**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Preliminary Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff ISIDRO CALONIA, JR. ("Plaintiff"), and TRINITY PROPERTY CONSULTANTS, LLC and PACIFIC PERSONNEL SERVICES, INC. ("Defendants") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendants (the "Settlement Agreement"), and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises, IT IS HEREBY ORDERED, as follows:

1.      Capitalized terms not defined in this Order are defined in the Parties' Settlement Agreement.

2.      The Court finds, on a preliminary basis, that the Settlement is fair, reasonable, and adequate.

3.      The Settlement Agreement was negotiated at arm's-length between counsel for the Parties who are experienced in class action litigation.

1

4.     The Court finds, on a preliminary basis, that Class Counsel has adequately represented the proposed Class Members.

5.     For settlement purposes only, the Court certifies a Settlement Class defined as follows:

> All individuals who, during the Class Period, used a hand or finger or biometric identifier or biometric information for timekeeping or payroll purposes at Defendants' facilities within the state of Illinois and did not provide written consent in advance.

> Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

6.     The Court finds that distribution of the Notice to the proposed Class Members is justified because Plaintiff has shown that the Court will likely be able to (i) approve the Settlement under Rule 23(e)(2) and (ii) certify the proposed class for purposes of settlement.

7.     The Court finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the Settlement Class set forth above. The Court further finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Settlement Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Settlement Class; (c) meets all applicable requirements of law, including

2

Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

8.      For settlement purposes only, the Court appoints Isidro Calonia, Jr. as the Class Representative.

9.      For settlement purposes only, the Court appoints as Class Counsel:

David Fish
Mara Baltabols
Fish Potter Bolaños, P.C.
111 E. Wacker Dr., Suite 2300
Chicago, Illinois 60601
admin@fishlawfirm.com
(312) 861-1800

10.     The Court appoints Analytics Consulting, LLC as the Settlement Administrator to perform all duties described in the Settlement Agreement and ordered by this Court.

11.     The Court finds that distribution of the proposed Notice of Class Action Settlement ("Notice") by mail and, where reasonably possible, email is the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons affected by or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, and other applicable laws. The proposed Notice is accurate, objective, and informative. It provides Class Members with all of the information necessary to evaluate the fairness of the Settlement and to make an informed decision regarding whether to participate in the Settlement. The Notice will also be sent to Class Members in Spanish.

12.     Any Settlement Class Member may request to be excluded from the Settlement by submitting a written request for exclusion to the Settlement Administrator as described in the Notice by 45 days from the Notice date.

13.     Any Settlement Class Member who excludes himself or herself from the Settlement will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal, or comment on it.

14.     Any Class Member who does not request to be excluded from the Settlement may object to the Settlement by submitting a written statement to the Settlement Administrator as described in the Notice by 45 days from the Notice date.

15.     Settlement Class Counsel shall file a motion for attorney fees, litigation costs, settlement administration costs, and the Class Representative's Service Award ("Fee Petition") no later than May 25, 2023.

16.     Settlement Class Counsel shall file a motion for final approval of the Settlement no later than July 17, 2023. The motion for final approval shall include copies of any objections submitted and identify any Settlement Class Members who have requested to be excluded from the Settlement.

17.     The Court schedules a Final Approval Hearing for **July 24, 2023 at 10:00 a.m.** in Courtroom 1441 of the Everette McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to be held via phone conference or other remote means, unless otherwise ordered by the Court, to consider, among other things, (1) whether to finally approve the Settlement; (2) whether to approve Class Counsel's request for attorney fees and litigation costs; (3) whether to approve the Settlement Administrator's costs; and (4) whether to approve the Class Representative's request for a Service Award. Settlement Class Members may, but are not

required to, appear at the Final Approval Hearing and request to speak in favor or against the Settlement.

18.     The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to Settlement Class Members. At or following the Final Approval Hearing, the Court may enter a Final Judgment approving the Settlement and entering a Final Approval Order in accordance with the Settlement that adjudicates the rights of all Settlement Class Members.

Entered: April 10, 2023

_Thomas M Durkin_
_____
Hon. Thomas M. Durkin