**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ISIDRO CALONIA, JR., individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> TRINITY PROPERTY CONSULTANTS, LLC and PACIFIC PERSONNEL SERVICES, INC., <br><br> Defendants. | Case No. 1:20-cv-06130 <br><br> Judge Thomas M. Durkin |

**FINAL ORDER AND JUDGMENT**

This matter having come before the Court on Plaintiff's Unopposed Motion and Memorandum in Support of Final Approval of Class Action Settlement of the above-captioned matter (the "Action") between Plaintiff ISIDRO CALONIA, JR. ("Plaintiff"), and PACIFIC PERSONNEL SERVICES, INC. ("Defendant") (collectively, "the Parties"), as set forth in the Class Action Settlement Agreement, between Plaintiff and Defendant (the "Settlement Agreement"), due and adequate notice having been given to the Settlement Class, and the Court having considered the papers filed and proceedings in this matter, and being fully advised in the premises,

IT IS HEREBY ORDERED:

1.	Capitalized terms not otherwise defined in this Final Approval Order are defined in the Parties' Settlement Agreement.

2.	The Court-approved Notice of Class Action Settlement ("Notice") was distributed by the Settlement Administrator, Analytics Consulting, LLC, to Settlement Class Members by direct mail and, where available, by email in both English and Spanish.

1

The Parties also established a publicly-available settlement website with the Notice, Settlement Agreement, and Preliminary Approval Order. The Notice and the methods of distribution satisfy due process, the requirements of Rule 23(e)(1)(B) of the Federal Rules of Civil Procedure, and constitute the best notice practicable under the circumstances.

3.      Zero Settlement Class Members submitted objections or excluded themselves from the Settlement.

4.      The Court grants final certification of the class that the Court previously certified for settlement purposes in its Preliminary Approval Order. The Class is defined as follows:

> All individuals who, during the Class Period, used a hand or finger or biometric identifier or biometric information for timekeeping or payroll purposes at Defendants' facilities within the state of Illinois and did not provide written consent in advance.

Excluded from the Settlement Class are (1) any Judge or Magistrate presiding over this Action and members of their families, (2) persons who properly execute and file a timely request for exclusion from the Settlement Class, and (3) the legal representatives, successors or assigns of any such excluded persons.

5.      The Court finds the settlement memorialized in the Settlement Agreement and filed with the Court is fair, reasonable, and adequate, and in the best interests of Settlement Class Members. The Court finds that: (a) the strength of the Settlement Class Representative's and Settlement Class Members' claims weighed against the Defendants' defenses and the complexity, length and expense of further litigation support approval of the Settlement; (b) the Gross Settlement Fund of $154,480 as set forth in the Settlement Agreement is a fair, reasonable and adequate settlement of the claims; (c) the Settlement was reached pursuant to arm's-length negotiations between the Parties, with the assistance

of a neutral mediator; (d) the support for the Settlement expressed by Settlement Class Counsel, who have significant experience representing parties in complex class actions, including those involving Biometric Information Privacy Act claims, weighs in favor of approval of the Settlement; (e) the absence of any objections to the Settlement by Settlement Class Members supports approval of the Settlement; and (f) the Action has progressed to a stage where the Court and the parties could evaluate the merits of the case, potential damages, and the probable course of future litigation.

6.      The Parties and the Settlement Administrator are ordered to comply with the terms of the Settlement Agreement.

7.      The Court awards $9,126 to the Settlement Administrator, Analytics Consulting, LLC, for its work administering the Settlement, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

8.      The Court awards Settlement Class Counsel $50,732.17 in attorney fees and $404.94 in litigation costs, which are payable from the Gross Settlement Fund as described in the Settlement Agreement.

9.      The Court awards Settlement Class Representative Isidro Calonia, Jr. $7,500 as a Service Award, which is payable from the Gross Settlement Fund as described in the Settlement Agreement.

10.     This matter is dismissed with prejudice. The Court retains jurisdiction solely with respect to the interpretation, implementation, and enforcement of the terms of the Parties' Settlement Agreement.

Entered: August 3, 2023

_Thomas M. Durkin_

Hon. Thomas M. Durkin

3